United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 22-10860-amc |
| George May, Jr. | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Aug 26, 2022 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol     Definition**

\+                Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 28, 2022:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + George May, Jr., 8022 Lindbergh Blvd, Philadelphia, PA 19153-1601 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 28, 2022          Signature:          /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 26, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| CHRISTOPHER R. MOMJIAN | on behalf of Creditor Commonwealth of Pennsylvania  Department of Revenue crmomjian@attorneygeneral.gov |
| ERIK B. JENSEN | on behalf of Debtor George May  Jr. erik@jensenbagnatolaw.com, jordan@jensenbagnatolaw.com;jennifer@jensenbagnatolaw.com;lori@jensenbagnatolaw.com;mjmecf@gmail.com;jensener79956@notify.bestcase.com |
| REBECCA ANN SOLARZ | on behalf of Creditor Deutsche Bank National Trust Company  as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2006-WL3, Asset-Backed Certificates, Series 2006-WL3 bkgroup@kmllawgroup.com, rsolarz@kmllawgroup.com |
| SCOTT F. WATERMAN (Chapter 13) | ECFMail@ReadingCh13.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

District/off: 0313-2 User: admin Page 2 of 2
Date Rcvd: Aug 26, 2022 Form ID: pdf900 Total Noticed: 1
TOTAL: 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| George May Jr<br>　　　　Debtor(s) | CHAPTER 13 |
| Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2006-WL3, Asset-Backed Certificates, Series 2006-WL3<br>　　　　Movant<br>vs. | NO. 22-10860 AMC |
| George May Jr<br>　　　　Debtor(s) | 11 U.S.C. Section 362 |
| Scott F. Waterman<br>　　　　Trustee | |

## CONSENT ORDER ON MOTION FOR RELIEF FROM STAY

1. The above-styled Motion having been scheduled for a hearing before the Court on September 7, 2022 upon Notice of Motion to each of the above-captioned parties in interest, and it appearing to the Court that the parties consent hereto:

2. FURTHER IT IS HEREBY ORDERED that the Motion for Relief from Stay is denied, as the parties herein agree that the interest of Movant is adequately protected by payment and performance as more particularly set forth hereinafter.

3. FURTHER ORDERED that as of August 16, 2022, the post-petition arrearage is as follows, pursuant to the terms of the Note, as set forth in the chart below:

| Number of Missed Payments | From | To | Monthly Missed Principal and Interest | Monthly Missed Escrow (if applicable) | Monthly Payment Amount | Total of Monthly Payments Missed |
|---|---|---|---|---|---|---|
| 4 | May 2022 | August 2022 | $467.92 | $445.25 | $913.17 | $3,652.68 |
| Less post-petition partial payments (suspense balance) | | | | | ($0.00) | |

**Total: $3,652.68**

4. This arrearage shall be paid as follows:

   a. Within seven (7) days of the filing of this Stipulation, Debtor is ordered to pay the total post-petition arrearage totaling a sum **$3,652.68** by amending the Bankruptcy plan.

5. Regular payments in the amount of **$913.17** to be paid on or before **September 1, 2022** and any additional amount as required or allowed by the Note and Security Instrument. Payments should be sent to: Select Portfolio Servicing, Inc. Attn: Remittance Processing P.O. Box 65450 Salt Lake City, UT 84165-0450.

6. FURTHER ORDERED that should Debtor(s) default in payment of any sum specified herein, or in any regular monthly mortgage payments which come due according to Movant's Loan Documents, for the life of the bankruptcy then upon notice of default sent by first class mail to Debtor(s), attorney for Debtor(s) and the Trustee, and failure of Debtor(s) to cure such default within **fifteen (15)** days from the date of receipt of such notice, Movant may file a motion and affidavit of default, with service upon Debtor(s), attorney for Debtor(s) and the Trustee, and the Court may enter an Order releasing Movant from the automatic stay, without further notice or hearing.

7. FURTHER ORDERED that in the event relief from the automatic stay is later granted, the Trustee shall cease funding any balance of Movant's claim, and the provisions of Fed. R. Bank. P. 4001(a)(3) may be waived.

8. FURTHER ORDERED that upon completion of any foreclosure sale, any funds in excess of the amount due to Movant and to any subordinate lienholder(s) properly entitled to receive proceeds under applicable State Law that would otherwise be payable to the Debtor(s), shall be paid to the Trustee by the entity receiving the funds from the foreclosure sale for the benefit of the Estate while the Debtor(s) remains in bankruptcy.

9. The parties agree that a facsimile signature shall be considered an original signature

Dated this 17th day of August, 2022

CONSENTED TO BY:

/s/ Rebecca A/ Solarz, Esquire
**Rebecca A. Solarz, Esquire**
**Attorney for Movant**

**Erik B. Jensen, Esquire**
**Attorney for Debtor(s)**

*/s/ Ann E. Swartz, Esquire for* *

Scott F. Waterman, Esquire
Chapter 13 Trustee

Approved by the Court this ___ day of _____, 2022. However, the court retains discretion regarding entry of any further order.

**Date: August 26, 2022**

Bankruptcy Judge
Ashely M. Chan