# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA
# PHILADELPHIA DIVISION

| | |
|---|---|
| In re:<br><br>George May, Jr.,<br>     Debtor.<br><br>Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2006-WL3, Asset-Backed Certificates, Series 2006-WL3,<br>     Movant,<br>      v.<br>George May, Jr.,<br>     Debtor/Respondent,<br><br>Scott F. Waterman,<br>     Trustee/Additional Respondent. | Bankruptcy No. 22-10860-amc<br><br>Chapter 13 |

## **CREDITOR CERTIFICATION OF DEFAULT**

I, Sherri R. Dicks, Esquire, attorney for Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2006-WL3, Asset-Backed Certificates, Series 2006-WL3, ("Movant" or "Plaintiff"), certifies as to the following:

1. I am an attorney for Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2006-WL3, Asset-Backed Certificates, Series 2006-WL3, and am duly authorized to make this certification.

2. On August 25, 2022, a Stipulation (at Docket Entry No. 33) and on August 26, 2022, an Order Approving Stipulation (at Docket Entry No. 34) were entered, which required the Debtor to make certain payments to Plaintiff to cure specified arrearages and maintain future accruing payments. see Composite Exhibit "A".

3. On May 9, 2025, Plaintiff, by counsel, served on Debtor, Debtor's attorney, and the Trustee a Notice of Default ("Notice") setting forth that Debtor was in default in the

provisions of the Stipulation.  see Exhibit "B".

4. The May 9, 2025, Notice of Default stated that funds in the amount of **$19,544.72** were required from the Debtor in order to cure the default.

5. The Notice of Default further provided that if either the Debtor or the Trustee did not, within fifteen (15) days of the service of the Notice of Default, either cure the default, file an Objection stating that no default exists, or file an Objection stating any other reason why a relief Order should not be entered, Plaintiff could submit a Certification stating that it has complied with the notice requirements of the Order and that the Court may grant relief from the automatic stay without further notice to Debtor, and that, if granted such relief, the real property located at 8022 Lindbergh Boulevard, Philadelphia, PA 19153, may be foreclosed and if foreclosure is completed, sold at Sheriff Sale.

6. Neither the Debtor nor the Trustee has cured the default, filed an objection with the Court stating that no default exists, or filed an objection with the Court stating any other reason why an order granting relief from the automatic stay should not be entered.

7. Therefore, in accordance with the terms of the Order Approving Stipulation entered on August 26, 2022, Plaintiff is entitled to relief from the automatic stay as to the real property located at 8022 Lindbergh Boulevard, Philadelphia, PA 19153.

Date: June 30, 2025

>Robertson, Anschutz, Schneid, Crane & Partners, PLLC
>Attorneys for Secured Creditor
>13010 Morris Rd., Suite 450
>Alpharetta, GA 30004
>Telephone: 470-321-7113
>By: /s/ Sherri R. Dicks
>Sherri R. Dicks, Esq.
>PA Bar Number 90600
>Email: sdicks@raslg.com